UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ORIX FINANCIAL SERVICES, INC., formerly
known as ORIX CREDIT ALLIANCE, INC.,

                                   Plaintiff,

              -v-

BRIAN LECLAIR, doing business as T AND D
EXCAVATING CO.,

                                   Defendant.

---

Case No. 05-CV-9405 (KMK)

OPINION AND ORDER

Appearances:

Lewis M. Smoley, Esq.
Davidoff Malito & Hutcher, LLP
New York, NY
*Counsel for Plaintiff*

Brian LeClair
Mims, FL
*Pro Se Defendant*

KENNETH M. KARAS, District Judge:

      Before the Court is Plaintiff Orix Financial Services, Inc.'s Motion for Summary

Judgment on liability and damages against *pro se* Defendant Brian LeClair d/b/a T and D

Excavating ("T&D").  Plaintiff alleges that Defendant has defaulted on a Conditional Sale

Contract Note and seeks payment of the unpaid balance as well as interest and attorneys' fees.

For the following reasons, Plaintiff's Motion for Summary Judgment is GRANTED.

I.  Background

_____On September 29, 1998, Defendant, who was then a resident of Rhode Island (Lewis M. Smoley, Esq. Statement Pursuant to R. 56.1 ¶ 2, May 30, 2006 ("56.1 Statement")),[1] entered into and executed a Conditional Sale Contract Note (the "Note") with Chadwick-Baross, Inc. for the purchase of a 1997 Link-Belt Quantum Excavator Model 2800 (hereinafter the "Equipment") for a contract price of $161,822.  (Yvonne Kalpakoff Aff. in Supp. of Pl.'s Mot. for Summ. J. ¶ 4, Ex. 2 ("Kalpakoff Aff."); 56.1 Statement ¶ 3.)  The Note identifies the "Buyer" as "BRIAN LECLAIR DBA T AND D EXCAVATING CO." and the Note bears Brian LeClair's signature. (Kalpakoff Aff. Ex. 1.)  Pursuant to the terms of the Note, Defendant granted Chadwick-Baross, Inc. a security interest in the Equipment.  (56.1 Statement ¶ 4.)  Also on September 29, 1998, Defendant executed a Delivery/Installment Certificate, Waiver, and Agreement ("Delivery Certificate"), whereby Defendant acknowledged complete and satisfactory delivery of the Equipment.  (*Id.* ¶ 5; Kalpakoff Aff. ¶ 6, Ex. 1.)

The security interest in the Note was subsequently sold, assigned, and transferred to Orix Credit Alliance, Inc. on October 29, 1998.  (Kalpakoff Aff. ¶ 7, Ex. 1; 56.1 Statement ¶ 6.)  Orix Credit Alliance, Inc. is a New York corporation with its principal place of business in Georgia. (*Id.* ¶ 2.)  Nearly one year later, on October 5, 1999, Defendant executed a letter agreement (the "Extension Agreement") addressed to Orix Credit Alliance, Inc., whereby the amounts and due dates of installment payments under the Note changed in accordance with the terms set forth in the Extension Agreement.  (Kalpakoff Aff. ¶ 8, Ex. 1; 56.1 Statement ¶ 8.)  Defendant

_____

[1]Defendant resided in Rhode Island when the Complaint in this case was filed, but later moved to Florida, which is where he presently resides.

subsequently defaulted by failing to make installment payments in accord with the terms of the Extension Agreement on June 29, 2000, and on the 29th day of each month thereafter. (Kalpakoff Aff. ¶ 9, Ex. 2; 56.1 Statement ¶ 9.)  Orix Credit Alliance, Inc. then accelerated the balance of the unpaid amount due under the Note and repossessed the Equipment.[2]  (Kalpakoff Aff. ¶¶ 9-10, Ex. 3; 56.1 Statement ¶¶ 9-10.)

Orix Credit Alliance, Inc. later sold the Equipment at a public sale for a gross sale price of $35,000 on December 13, 2000.  (Kalpakoff Aff. ¶ 12, Ex. 3; 56.1 Statement ¶ 12.)  In the effort to sell the Equipment, Plaintiff incurred $2415.93 in costs and expenses, which when deducted from the gross sale price, comes to $32,584.07, which was credited to Defendant's unpaid balance on the Note.  (Kalpakoff Aff. ¶ 13; 56.1 Statement ¶¶ 13-14.)  After this credit was applied, Defendant's balance on the Note totaled $77,287.07.  (56.1 Statement ¶¶ 13-14.)  In addition to the unpaid balance of $77,287.07 due under the Note, Defendant owes default interest in the amount of one-fifteenth of one percent per diem due from one day after the sale of the Equipment, which was December 14, 2000.  (*Id.*)  The Note also provides for Plaintiff's attorneys' fees in an amount equal to twenty percent of all amounts due and owing under the Note.  (*Id.*)

On November 7, 2005, Plaintiff filed a Complaint against Defendant in the Southern District of New York, seeking payment of the balance of all amounts due under the Note, default

---

[2]On September 26, 2000, Orix Credit Alliance, Inc. changed its name to Orix Financial Services, Inc. and assumed all rights under the Note.  (Kalpakoff Aff. ¶ 11.)  At all times, both corporations were New York corporations that maintained their principal places of business in Georgia.  (56.1 Statement ¶¶ 1,11.)

interest, and attorneys' fees.  Plaintiff now moves for summary judgment.[3]

## II.  Discussion

### A.  Standard of Review

Summary judgment may be granted when there is "no genuine issue as to any material

fact and . . . the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c);

*see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  The Court must view all

evidence in the light most favorable to the non-moving party and must draw all reasonable

inferences in the non-movant's favor.  *See Tufariello v. Long Island R.R.*, 458 F.3d 80, 85 (2d

Cir. 2006).  A party seeking summary judgment bears the burden of establishing that no genuine

issue of material fact exists.  *See Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Segal*

*v. City of New York*, 459 F.3d 207, 211 (2d Cir. 2006).  "Once the moving party has made a

properly supported showing sufficient to suggest the absence of any genuine issue as to a

material fact, the nonmoving party, in order to defeat summary judgment, must come forward

with evidence that would be sufficient to support a jury verdict in his favor."  *Goenaga v. March*

*of Dimes Birth Defects Found.*, 51 F.3d 14, 18 (2d Cir. 1995).  "The motion 'will not be defeated

merely . . . on the basis of conjecture or surmise.'"  *Id*. (quoting *Bryant v. Maffucci*, 923 F.2d

979, 982 (2d Cir. 1991)).

The materiality of the facts considered by the Court will be governed by substantive law.

---

[3]In accord with the Local Rules of the Southern District of New York, Plaintiff served upon Defendant a Rule 56.1 statement and a Rule 56.2 statement.  (56.1 Statement; Lewis M. Smoley, Esq. Notice To *Pro Se* Litigant Opposing Mot. For Summ. J., May 30, 3006.)  The former rule requires a party moving for summary judgment to identify material facts for which there is no dispute, and the latter rule requires a party that is represented by counsel, such as Plaintiff, to place a *pro se* party on notice that it is moving for summary judgment.

*See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  At summary judgment, the Court is not charged with weighing the evidence and determining its truth, but with determining whether there is a genuine issue for trial.  *See Castro v. Met. Transp. Auth.*, No. 04 Civ. 1445, 2006 WL 1418585, at *2 (S.D.N.Y. May 23, 2006); *Westinghouse Elec. Corp. v. N.Y. City Transit Auth.*, 735 F. Supp. 1205, 1212 (S.D.N.Y. 1990).  A court's goal should be to "isolate and dispose of factually unsupported claims."  *Celotex*, 477 U.S. at 323-24.

   *Pro se* parties are entitled to "extra consideration" and "special latitude" on summary judgment motions.  *Salahuddin v. Coughlin*, 999 F. Supp 526, 535 (S.D.N.Y. 1998).  Therefore, this Court must read a *pro se* litigant's supporting papers liberally, interpreting them "to raise the strongest arguments that they suggest."  *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996) (internal quotations and citations omitted); *see also Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994).  This does not, however, "relieve [the non-movant] of his duty to meet the requirements necessary to defeat a motion for summary judgment."  *Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 50 (2d Cir. 2003) (internal quotations and citations omitted).

   B.  Choice of Law

   The Court's subject matter jurisdiction in this case is predicated on diversity jurisdiction, *see* 28 U.S.C. § 1332(a)(1), which requires the Court to apply New York's choice of law rules to determine the applicable substantive law in this case, *see Lazard Freres & Co. v. Protective Life Ins. Co.*, 108 F.3d 1531, 1538-39 (2d Cir. 1997); *McDuffie v. Wilner*, 415 F. Supp. 2d 412, 418 (S.D.N.Y. 2006).  The Note in this case provides for the application of New York law. (Kalpakoff Aff. Ex. 1.)  "New York law is clear in cases involving a contract with an express choice-of-law provision:  Absent fraud or violation of public policy, a court is to apply the law

selected in the contract as long as the state selected has sufficient contacts with the transaction."

*Hartford Fire Ins. Co. v. Orient Overseas Containers Lines (UK) Ltd.*, 230 F.3d 549, 556 (2d

Cir. 2000); *see also Benicorp Ins. Co. v. Nat'l Med. Health Card Sys., Inc.*, 447 F. Supp. 2d 329,

336 (S.D.N.Y. 2006).   There is no basis in the record from which to conclude that application of

New York law would perpetuate any fraud or violation of public policy.   Furthermore, contacts

with New York are sufficient to apply New York law, because Defendant executed the Extension

Agreement with Orix Credit Alliance, Inc., which was a New York corporation, as is Orix

Financial Services, Inc., which assumed all rights under the Note.   The substantive law of New

York, therefore, applies in this case.

     Under New York law, for Plaintiff to prevail on its claim that Defendant defaulted on the

Note, Plaintiff must prove the following elements:   (1) due execution of the note and guaranties,

and (2) failure to pay.   *See Orix Fin. Servs., Inc. v. Thunder Ridge Energy, Inc.*, No. 01 Civ.

4788, 2006 WL 587483, at *9 (S.D.N.Y. Mar. 8, 2006) (Report and Recommendation); *Valley

Nat'l Bank v. Greenwich Ins. Co.*, 254 F. Supp. 2d 448, 453 (S.D.N.Y. 2003) ("In cases

involving notes and guaranties, this Court has held that 'a plaintiff establishes its prima facie

entitlement to summary judgment by establishing the execution of the agreements at issue and

nonpayment thereunder.'")

     C.  Analysis

          1.  Execution of the Note

     The first element Plaintiff must establish in order to obtain summary judgment is that the

Note was properly executed.   Ample evidence submitted by Plaintiff shows that the Note was

duly executed, including a copy of the Note bearing Defendant's signature (Kalpakoff Aff. Ex.

1), a Delivery certificate in which Defendant acknowledged receiving the Equipment (*id.*), and

the Extension Agreement in which Defendant agreed to a modification of the payment schedule

under the Note (*id.*).  In addition, Defendant does not dispute that he executed the Note, he

merely argues that he executed the Note on behalf of T&D, which he contends was a "de facto

corporation" at the time.  (Brian LeClair Letter to the Court, March 24, 2006 ¶ 1-3.)  In short,

Defendant denies that he his liable to Plaintiff in his individual capacity.

To consider Defendant's argument, the Court must look to the law of Rhode Island

because T&D is a Rhode Island corporation.[4]  *See Fletcher v. Atex, Inc.*, 68 F.3d 1451, 1456 (2d

Cir. 1995) (explaining that under New York choice of law principles, the court looks to the state

of incorporation to decide whether to impose liability on shareholders).  But first, the Court turns

to the Note itself, which identifies the "Buyer" as "BRIAN LECLAIR DBA T AND D

EXCAVATING CO" and bears Brian LeClair's signature.  (Kalpakoff Aff. Ex. 1.)  Drawing all

inferences in favor of the non-moving, *pro se* Defendant requires the Court to assume that

Defendant was acting under the auspices of T&D when he signed his name, followed by T&D,

on the Note.  Nonetheless, Plaintiff argues that Defendant is personally liable to Plaintiff,

because T&D's corporate charter was revoked by the state of Rhode Island in 1996, which was

two years before the Note was executed on September 29, 1998.  In support of this claim,

Plaintiff offers a print-out from the Corporation Division of the Office of the Secretary of State

_____

[4]Plaintiff claims that T&D is incorporated in Rhode Island and several pieces of evidence are consistent with that view, such as T&D's Rhode Island address (Kalpakoff Aff. Ex. 6), the appearance of T&D in the Rhode Island corporate database under the name Sharon LeClair (*id.*), whom Plaintiff believes to be Defendant's wife, and a letter submitted by Defendant which bears a stamp or seal from the Rhode Island Secretary of State (Brian LeClair Letter to the Court, June 28, 2006 Attachment A).  Furthermore, Defendant has not argued that T&D is incorporated in any other state, so the Court will assume that T&D is organized under the laws of Rhode Island.

of Rhode Island which indicates that on October 7, 1996, T&D's corporate charter was revoked. (*Id.* ¶ 19, Ex. 6.)  Defendant has not attempted to refute Plaintiff's claim that T&D's charter was revoked in 1996, and under the law of Rhode Island, "[a]ll individuals who assume to act as a corporation without authority so to do are jointly and severally liable for all debts and liabilities incurred or arising as a result of that action."  R.I. Gen. Laws § 7-1.2-1801.  The Rhode Island Supreme Court has held that it was the intention of the legislature "to negate the possibility of asserting the defense of a de facto corporation" under circumstances such as the one presented in this case.  *DBA/Delaware Sys. Corp. v. Greenfield*, 636 A.2d 1318, 1319 (R.I. 1994).[5]  Therefore, Defendant's claim that he was acting on behalf of T&D, and not in his individual capacity, is rejected, because T&D was not properly incorporated in Rhode Island when Defendant signed the Note.  Under Rhode Island law, Defendant is individually liable to Plaintiff.

Defendant also argues that his obligations under the Note were transferred by novation to Allen Excavating, Inc. after Allen Excavating, Inc. purchased T&D.  Defendant's novation defense is supported by an unaddressed letter, which appears to have been faxed to Defendant, and reads as follows:  "To Whom it May Concern:  The undersigned does hereby verify that at one time Allen Incorporated did intend to purchase an excavator from D & B Excavating Inc. Excavator was purchased by Brian LeClaire on September 29, 1998 on behalf of D & B

---

[5]In *Greenfield*, the Rhode Island Supreme Court considered the application of R.I. Gen. Laws § 7-1.1-136 to a similar set of facts as is present here.  In 2004, the Rhode Island legislature repealed R.I. Gen. Laws § 7-1.1-136 as part of an overhaul of the state's business corporations law.  *See* 2004 R.I. Pub. Laws ch. 274.  In its place, the legislature enacted the Rhode Island Business Corporation Act, which went into effect on July 1, 2005.  The Rhode Island Business Corporation Act reenacted R.I. Gen. Laws § 7-1.1-136 as R.I. Gen. Laws § 7-1.2-1801, with only immaterial modifications to its predecessor.  Therefore, this Court has no trouble extending the *Greenfield* court's holding to the current law in Rhode Island.

Corporation." (Brian LeClair Letter to the Court, June 28, 2006, Attachment A.) The letter is dated June 26, 2006 and is supposedly signed by "David Allen, President of Allen Excavation Inc." (*Id.*) The letter also bears a seal or stamp that purports to be from the Secretary of State of Rhode Island.[6]

The terms of the Note, however, preclude Defendant from assigning the Note without the prior written consent of the holder. (Kalpakoff Aff. Ex. 1.) Plaintiff states that Defendant did not obtain Plaintiff's written consent to assign the Note (*id.*), and Defendant has not refuted that assertion. Defendant's novation defense therefore fails. *See John Doris, Inc. v. Solomon R. Guggenheim Found.*, 618 N.Y.S.2d 99, 100 (App. Div. 1994) ("[C]ourts may not rewrite [an] agreement to relieve a sophisticated contracting party from terms that it later deems disadvantageous.") Thus, Plaintiff has carried its burden to show that the Note was properly executed.

2. Failure to Pay

The second element Plaintiff must establish is Defendant's failure to pay. Plaintiff has offered as evidence of Defendant's failure to pay a copy of a computer print-out of the payment history of the Note. (Kalpakoff Aff. ¶ 15, Ex. 2.) The print-out shows information relating to payments received by Plaintiff, as well as a running balance of installment payments. (*Id.*) The print-out shows that Defendant's last payment was on May 29, 2000, and the document shows that $121,780.56 remains outstanding. (*Id.*) In addition, Plaintiff has submitted a Deficiency

---

[6]There are serious questions as to the authenticity and, therefore, the admissibility of this letter. There is no affidavit from the purported author of the letter, and it cannot be said that the letter, which is addressed to "To Who It May Concern," is self-authenticating. However, the Court is willing, for purposes of this Motion only, to consider the letter.

Calculation Worksheet which shows the amount due under the Note after the sale of the Equipment is taken into account. (*Id.* ¶ 16, Ex. 3.)

Defendant "denies [the] debt accounting provided by Plaintiff" (Brian LeClair Letter to the Court, June 28, 2006), but he offers no evidence to dispute Plaintiff's accounting evidence which shows default by Defendant. Defendant cannot create a factual dispute merely by denying Plaintiff's evidence of non-payment. *See Lyerly v. Koenigsmann*, No. 04 Civ. 3904, 2006 WL 1997709, at *2 (S.D.N.Y. July 17, 2006) ("[A] pro se party's bald assertion, completely unsupported by evidence, is not sufficient to overcome a motion for summary judgment.") (internal quotation marks omitted). Accordingly, Plaintiff has shown that there is no factual dispute on the second element of its claim against Defendant.

### III.  Conclusion

For the reasons stated above, Plaintiff's Motion for Summary Judgment is GRANTED. The Clerk of the Court is directed to enter judgment for Plaintiff and to close the case.

SO ORDERED.

Dated:       February 26, 2007
             New York, New York

                                        KENNETH M. KARAS
                                        UNITED STATES DISTRICT JUDGE

10

Service List:

Lewis M. Smoley, Esq.
Davidoff Malito & Hutcher, LLP
605 Third Ave., 34th Floor
New York, NY 10158
(212) 557-7200
Fax:  (212) 286-1884
*Counsel for Plaintiff*

Brian LeClair
3465 Maebert Rd.
Mims, FL 32754-4946
*Pro Se Defendant*